IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RACHEL MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-3132-G-BN |
| | § | |
| CARRINGTON MORTGAGE | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This action filed by a *pro se* plaintiff in state court and removed here has been referred to the undersigned United States magistrate judge for case management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

After Plaintiff "Rachel Moore as Trustee" filed an amended complaint, as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), *see* Dkt. No. 10, Defendant Carrington Mortgage Services, LLC filed an Amended Motion to Dismiss and Brief in Support addressing the amended complaint, *see* Dkt. No. 14.

Plaintiff failed to timely file a court-ordered response to the amended motion to dismiss, *see* Dkt. Nos. 15 & 18, but did move to extend the deadline to respond to the motion by 60 days, *see* Dkt. No. 16, a motion the Court ordered stricken and unfiled because Plaintiff failed to comply with the requirements set out in the November 15, 2017 Standing Order on Non-Dispositive Motions [Dkt. No. 5], *see* Dkt. No. 17 (further

observing that "Plaintiff failed to participate in preparing the court-ordered Federal Rule of Civil Procedure 26(f) report and also failed to appear, as also ordered by the Court, at the Federal Rule of Civil Procedure 16(b) scheduling conference. *See* Dkt. Nos. 9 & 12.").

Plaintiff chose not to refile the motion for extension and has otherwise failed to contact the Court since December 2017.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant Defendant's amended motion to dismiss and dismiss this action with prejudice.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). But a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible

on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

The United States Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants

-3-

liberally." *Andrade*, 459 F.3d at 543; *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2008). These records include "certified copies of a deed in the public record," as well as other "highly indisputable public records" – for example, certified copies of: "a warranty deed"; a "tax certificate[]"; or a "deed of trust." *Nguyen v. Bank of Am., N.A.*, ___ F. App'x ___, No. 17-20758, 2018 WL 3097178, at *1 & n.1 (5th Cir. June 22, 2018) (per curiam) (citing *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint[ – such as the facts, as alleged, are conclusory. And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal question marks omitted).

## Analysis

The Court may take judicial notice of several documents related to the ownership of the subject property that Defendant has attached to its amended motion to dismiss, including the Assessment Lien Substitute Trustee's Deed, dated December 10, 2017, reflecting that the property was sold at foreclosure auction to the Harbordune-Bey Family Trust, *see* Dkt. No. 14-2 at 59-60, which appears to be controlled by the plaintiff here, as trustee, *see* Dkt. No. 10 at 2 ("The Plaintiff is trustee

of the owner of a certain tract of land located in Dallas County, Texas.").

"The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)). And "[t]he rational for prohibiting *pro se* corporate representation also extends to trusts." *United States v. Dolenz*, No. 3:09-cv-1311-O, 2010 WL 428910, at *1 (N.D. Tex. Feb. 2, 2010) (citing *Retired Persons Fin. Serv. Clients Restitution Trust v. U.S. Attorney for the N. Dist. of Tex.*, No. 3:03-cv-2658-D, 2004 WL 937170 at *1 (N.D. Tex. Apr. 29, 2004) (collecting cases)).

Thus, to the extent that, here, the plaintiff is a trust represented by a non-attorney trustee, that trustee clearly "may not represent [the] trust *pro se*." *Dillard Family Trust v. Chase Home Fin., LLC*, No. 3:11-cv-1740-L, 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011). And, if that plaintiff, after being instructed to do so by a date certain, fails to obtain counsel, the Court would dismiss the plaintiff's claims. *See, e.g., Wilson v. Wells Fargo Bank*, 3:13-cv-2257-O, 2014 WL 11515577, at *1 (N.D. Tex. Mar. 4, 2014) ("When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant." (citing *Donovan*, 736 F.2d at 1005)).

But, here, a separate reason requires dismissal of the plaintiff's claims with prejudice: In response to a motion to dismiss – which notified the plaintiff as to the the claims's deficiencies and provided an opportunity (the plaintiff took) to amend, *see*

*Wiggins*, 710 F. App'x at 627 – the plaintiff filed an amended complaint that is nothing more than a shotgun pleading, *see* Dkt. No. 10.

The amended complaint provides few factual allegations that are neither conclusory nor merely legal conclusions. *See id.* at 4-10; *see also Iqbal*, 556 U.S. at 679 ("[P]leadings that ... are no more than conclusions ... are not entitled to the assumption of truth. [And, w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Plaintiff then "incorporates by reference all the foregoing paragraphs" – which presumably includes those few truly factual allegations – to allege some 11 separate counts. Dkt. No. 10 at 10-17.

> As opposed to the "short and plan statement" requirement contemplated by Rule 8, shotgun pleadings contain several counts within a complaint with each count "incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."

*Copeland v. Axion Mortg. Group LLC*, No. 1:16cv159-HSO-JCG, 2016 WL 4250431, at *4 (S.D. Miss. Aug. 11, 2016) (quoting *Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14cv132-DMB-JMV, 2015 WL 4041657, at *5 (N.D. Miss. July 1, 2015) (quoting, in turn, *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)); internal quotation marks omitted).

Such pleadings are subject to dismissal under Rule 12(b)(6), *see id.*, particularly where, like here, "the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick," *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986), because asserting claims in this manner – that is, "by merely attaching a label and/or legal conclusion to no facts unique to that

claim – or, at best, threadbare unique facts – is not sufficient to state a claim that is plausible on its face," *Lowe v. Dallas Police Dep't*, No. 3:17-cv-704-G-BN, 2017 WL 4863076, at *9 (N.D. Tex. Oct. 17, 2017), *rec. adopted*, 2017 WL 4838980 (N.D. Tex. Oct. 26, 2017). "Put another way, these claims as alleged each lack sufficient facts to support an inference that [the] defendant is responsible for a particular harm to [the plaintiff] – therefore there is no 'more than the mere possibility of misconduct,' which, of course, is not enough to state a plausible claim." *Id.* (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. State of Okla. ex rel Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556))).

## Recommendation

The Court should grant Defendant Carrington Mortgage Services, LLC's amended motion to dismiss [Dkt. No. 14] and, based on the record here, reflecting that plaintiff has already amended the complaint and apparently has abandoned this action – which the plaintiff can dispute by filing objections to these findings, conclusions, and recommendation – dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE